UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| EARSILENE REDIX,<br><br>                    Petitioner,<br><br>vs.<br><br>DEBRA KILPATRICK,<br><br>                    Respondent. | Civil No. 06cv1248 RTB (NLS)<br><br>**ORDER DENYING PETITION FOR WRIT OF *HABEAS CORPUS*** |

**I.   INTRODUCTION**

Earsilene Redix, a *pro se* state parolee in the constructive custody of the California Department of Corrections and Rehabilitation, has filed a Petition for Writ of *Habeas Corpus* pursuant to 28 U.S.C. § 2254, challenging the revocation of her parole. She contends that the California Board of Parole Hearings (1) violated her due process rights to confront and cross-examine adverse witnesses at the revocation hearing; and (2) revoked her parole based on improper discrimination rather than sufficient evidence. (*See* Pet. at 5.) After reviewing the entire record and the parties' submissions, the Court denies the Petition because, as discussed below, her due process claim conflicts with precedents and her discrimination claim lacks factual support.

///

///

///

## II.   FACTUAL BACKGROUND

Generally, this Court defers to state court findings of fact and presumes them to be correct. 28 U.S.C. § 2254(e)(1). Because there are no findings of fact made by the state courts in this case, the Court uses the state court record as the basis for its factual findings. The record contains Redix's parole agent's charge report describing the incident giving rise to the her parole revocation:

> On 4-12-06, Fresno P.D. officers responded to a disturbance call. Upon arrival, officers learned that Redix had smashed out a van window. Officer Haga [] contacted [*sic*] Redix walking down the street. Officer Haga immediately notice [*sic*] Redix to be intoxicated. He stated that he was not sure at that time if Redix was under the influence, but said that she was definitely intoxicated.

(Attachment No. 1 at 49.) The Hearing Officer's written revocation decision states:

> Charge 1- Vandalism - GCF - [Officer] Phebus testified she went to scene and saw car w/broken out window. [A]ll 4 witnesses [Cammie Belt, Sheena Blackmon, Juanisha Hagens, and Lena Davis] gave consistent stories that [Parolee] chased 3 of them and they heard her make threats and heard the vehicle being struck and the window breaking. They observed [Parolee] by the vehicle and [no one] else was around.

(*Id*. at 21.)

## III.   PROCEDURAL BACKGROUND

Based on the foregoing incident, Redix was arrested on April 12, 2006 for vandalism/malicious mischief. (Attachment No. 1 at 21 and 49.) Redix's parole, for a 2001 conviction for assault with a deadly weapon and selling cocaine, was put on hold on the same day. (*Id*. at 15.) In the charge report, the parole agent alleged that Redix was a danger to herself, others, and the property of others. (*Id*. at 49.) Following the report's recommendation, Redix's case was referred to the parole board. (*Id.*)

On May 10, 2006, Redix and her attorney attended a parole revocation hearing. (Attachment No. 1 at 19.) Although the four witnesses at the scene of the incident – Belt, Blackmon, Hagens, and Davis – had been subpoenaed, they did not appear at the hearing. (*Id*.) Officer Phebus, who was also at the scene, testified about the events surrounding Redix's arrest, including the accounts he received from the four absent witnesses. (*Id*. at 21.) After the hearing, the Hearing Officer found good cause to revoke Redix's parole on the charge of vandalism, and ordered that she be returned to the custody of the California Department of Corrections and Rehabilitation for a period of eight months. (Attachment No. 1 at 21.)

Following the revocation, Redix petitioned for a writ of *habeas corpus* in the Superior Court. (Attachment No. 1 at 25.) The Superior Court denied her petition. (*Id*.) Her subsequent petitions to California appellate courts were summarily denied. (Attachments No. 2 at 2 and 34.)

Redix filed her current Petition in the United States District Court for the Eastern District of California in 2006 [Doc. No. 1]. After Respondent filed an Answer, the case was reassigned to United States District Judge Roger T. Benitez [Doc. No. 12].

## IV.   SCOPE OF REVIEW

Under 28 U.S.C. § 2254, this Court may grant *habeas* relief to a state prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Where the prisoner's custody resulted from a state court's adjudication on the merits," *habeas* relief is available only if the adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2). To obtain federal *habeas* relief, Redix must satisfy either § 2254(d)(1) or § 2254(d)(2). *See Williams v. Taylor*, 529 U.S. 362, 403 (2000). Adopting a highly deferential standard for evaluating state court rulings, the Supreme Court interprets § 2254(d)(1) as follows:

> Under the "contrary to" clause, a federal *habeas* court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal *habeas* court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Id.* at 412-13; *see also Lockyer v. Andrade*, 538 U.S. 63, 73-74 (2003).

Where there is no reasoned decision from the state's highest court, the Court consults the underlying appellate court decision. *Ylst v. Nunnemaker*, 501 U.S. 797, 801-06 (1991). If the dispositive state court order does not "furnish a basis for its reasoning," this Court must conduct an independent review of the record to determine whether the state court's decision is contrary to, or unreasonably applies, clearly established Supreme Court precedents. *See Delgado v. Lewis*, 223 F.3d 976, 982 (9th Cir. 2000), *overruled on other grounds Lockyer*, 538 U.S. at 75-76; *Himes v. Thompson*,

336 F.3d 848, 853 (9th Cir. 2003). But a state court need not cite Supreme Court precedent when resolving a *habeas* claim. *Early v. Packer*, 537 U.S. 3, 8 (2002). "[S]o long as neither the reasoning nor the result of the state-court decision contradicts [Supreme Court precedent]," the state court decision will not be "contrary to" clearly established federal law. *Id.*

## V.     RIGHT TO CONFRONT AND CROSS-EXAMINE

Redix claims that she was denied due process because the four witnesses' failure to appear at the revocation hearing prevented her from presenting her defense. (Pet. at 5.) The Court interprets this claim to be an alleged violation of Redix's right to confront and cross-examine adverse witnesses.

The last reasoned state court decision is the Superior Court's denial of Redix's state *habeas* petition. The court stated:

> [T]he court finds that existing evidence does not justify the requested relief. Specifically, the investigating officer testified at the parole revocation hearing, relayed consistent information from the four witnesses, and provided the officer's personal observations. Petitioner has provided no objective conflicting evidence.

(Attachment No. 1 at 25.)

Under clearly established precedents, "revocation of parole is not part of a criminal prosecution and thus the full panoply of rights due a defendant in such a proceeding does not apply to parole revocations." *Morrissey v. Brewer*, 408 U.S. 471, 480 (1972). A revocation hearing is informal, "structured to assure that the finding of a parole violation will be based on verified facts and that the exercise of discretion will be informed by an accurate knowledge of the parolee's behavior." *Id.* at 484. But a parolee is entitled to some minimum due process. For example, a parolee should have the opportunity to confront and cross-examine adverse witnesses, "unless the hearing officer finds good cause for not allowing confrontation." *Id.* (parenthesis omitted).

Here, Redix did not have the opportunity to confront and cross-examine four witnesses, after their hearsay statements were admitted through Officer Phebus's testimony at the hearing. But a hearing officer may sometimes consider hearsay evidence in a parole revocation hearing. 15 Cal. Code Regs. § 2665; *United States v. Comito*, 177 F.3d. 1166, 1170 (9th Cir. 1999). Relevant hearsay evidence is admissible if it does not violate a parolee's right to confront and cross-examine witnesses. *Comito,* 177 F.3d. at 1170. In parole revocation hearings, the right to confront and cross-examine is

not absolute and "may be curtailed if the hearing officer finds good cause for not allowing confrontation." *Ryan v. State of Montana*, 580 F.2d 988, 992-93 (9th Cir. 1978). In determining admissibility of hearsay, a court must weigh "the parolee's interest in his constitutionally guaranteed right to confrontation against the Government's good cause for denying it." *Comito,* 177 F.3d at 1170.

According to Redix, her interest in having the witnesses present at the hearing was to show that the witnesses did not actually see her break the window and that Officer Phebus "stated . . . to the commissioner that . . . the witnesses [*sic*] stories to be false and made up." (Pet. at 5.) With regard to Officer Phebus's alleged statement to the commissioner, the record does not reflect that Officer Phebus made any such statement, nor has Redix offered any proof in support. In any event, Redix, who was represented by counsel, had the opportunity to cross-examine Officer Phebus at the hearing on this matter. She does not dispute the veracity of the hearsay, only Officer Phebus's opinion of it. In fact, the hearsay testimony proved the same fact that Redix claims she wanted to show; that the four witnesses did not see first-hand the person who broke the van window. Officer Phebus testified that the witnesses stated they were chased by a person who fit Redix's description, and that they heard Redix making threats, followed by the sound of the van window being broken. (Attachment No. 1 at 21.) The witnesses did not say they saw Redix break the window, only that Redix was the only person by the broken van window after they heard the window break. (*Id*.) Thus, Redix's interest in confronting the government witnesses was diminished. *See Comito*, 177 F.3d at 1171 (it is when content of hearsay is disputed that petitioner has strong interest in demonstrating testimony did not reflect "verified fact").

In *Comito*, the court stated the weight to be given to a parolee's right of confrontation depends on the importance and reliability of the hearsay evidence. *Comito,* 177 F.3d at 1171. While the hearsay evidence from the witnesses at trial was important, the record reveals that Officer Phebus interviewed all four witnesses separately and they gave consistent statements about the events and the same description of Redix. (*See* Attachment No. 1 at 21.) Based on the witness descriptions, Officer Haga was able to locate Redix, whom he observed to be intoxicated, walking along the street. (*Id*. at 49.) Redix has not provided any evidence that would cast doubt on these witness statements. In denying her habeas petition, the Superior Court cited *People v. O'Connell*, 107 Cal. App. 4th 1062 (Cal. Ct.

App. 3d Dist. 2003). Under *O'Connell*, hearsay is admissible at a probation revocation hearing, as long as it bears a sufficient "indicia of reliability." *Id.* at 1066. Because the hearsay evidence in this case is reliable, Redix's claim lacks merit.

Furthermore, the parole board had good cause to conduct the hearing without the presence of the four witnesses. The board issued subpoenas for the witnesses and Redix's parole agent also contacted them asking them to attend. (Attachment No. 1 at 23.) In the absence of the witnesses the officer at the scene was able to testify and relay the consistent statements made by each witness. Redix was free to offer any contradictory evidence and to cross-examine the officer.

In conclusion, the Court finds that the hearsay evidence was relevant and reliable, and that the Hearing Officer had sufficient good cause to conduct the hearing in the absence of the witnesses. Thus, the Superior Court did not unreasonably apply established federal law in denying Redix's due process claim, nor was the denial contrary to precedents. Redix's due process claim must therefore be rejected.

**VI.   DISCRIMINATION**

Redix asserts that the Hearing Officer's decision was based on discrimination against her and not on sufficient evidence. This assertion lacks factual support. The Hearing Officer's written decision consists of a section entitled "Reason for Decision." (Attachment No.1 at 21.) Under this heading are two sub-headings; "Basis for Conclusion," and "Basis for Disposition." (*Id*.) The Hearing Officer identified Officer Phebus's testimony as the basis for concluding that Redix broke the van window. (*Id*.) The Hearing Officer did not rely on Redix's prior convictions to determine her vandalism charge. Rather, the Hearing Officer's properly considered Redix's prior convictions for assault with force, selling cocaine, and robbery, in determining the length of time for which she would be returned to custody. (*Id*.)

Moreover, a parole violation requires only proof by a preponderance of the evidence. 15 Cal Code Regs. § 2000(b)(50); *People v. Rodriguez*, 51 Cal. 3d 437, 441 (Cal. 1990). To meet this standard, one body of evidence must have more convincing force than the evidence opposed to it. *Glage v. Hawes Firearms Co.*, 226 Cal. App. 3d 314, 325 (Cal. Ct. App. 6th Dist. 1990); *see also Kennedy v. S. California Edison Co.*, 268 F.3d 763, 770 (9th Cir. 2001) (the standard requires a belief that the existence of a fact is more probable than not). The record reflects that Redix did not present

any contradictory evidence at the hearing, nor has she alleged any in her current Petition.

Accordingly, the Hearing Officer's "Reason for Decision" was based on sufficient evidence and appropriate, non-discriminatory considerations. Thus, the Superior Court's denial of Redix's petition was not contrary to, or an unreasonable application of, established federal law. Redix's discrimination claim must therefore be denied.

## VII. CONCLUSION

For the foregoing reasons, Redix's Petition is denied in its entirety, terminating this action.

IT IS SO ORDERED.

DATED: February 9, 2009

_____
Hon. Roger T. Benitez
United States District Judge